# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1281

UNITED STATES OF AMERICA

v.

MICHAEL BRAGG,
*Appellant*

---

Appeal from U.S. District Court, M.D. Pa.
Judge Christopher C. Conner (Ret.), No. 1:21-cr-00094-001

Before: BIBAS, CHUNG, and MASCOTT, *Circuit Judges*
Argued: June 25, 2026; Filed: August 11, 2026

---

NONPRECEDENTIAL OPINION*

CHUNG, *Circuit Judge.* Michael Bragg appeals the District Court's order denying his motion under 28 U.S.C. § 2255 for vacatur of his sentence on the basis that his trial counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). He also appeals the District Court's denial of an evidentiary hearing on the same claim. We will affirm.

## I. BACKGROUND[1]

In January 2019, investigators with the Pennsylvania Attorney General's Office downloaded two videos of child sexual abuse material ("CSAM") from an IP address

---

\* This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

[1] Because we write for the parties, we recite only the facts pertinent to our decision.

associated with Bragg's residence. State police executed a search warrant for Bragg's devices and discovered videos on Bragg's devices depicting: Bragg sexually abusing his minor daughter; Bragg sexually abusing his neighbor's seven-year-old daughter; and neighborhood children using the bathroom. They also found videos depicting Bragg, who worked as a healthcare provider at UPMC Pinnacle Health Carlisle, sexually assaulting female patients while they were unconscious and videos of female patients secretly recorded in various stages of undress. Some of those patients were minors.

Pennsylvania charged Bragg with sex offenses and other crimes in two counties. For his conduct, and the videos, relating to his daughter and his neighbor's child, Franklin County prosecutors charged Bragg in April 2019, with, *inter alia*, aggravated indecent assault of a child, disseminating a depiction of child sex acts, and indecent assault of a person under thirteen years of age. For his conduct, and the videos, relating to UPMC patients, Cumberland County prosecutors charged Bragg in December 2019 with close to four hundred offenses, including aggravated indecent assault, invasion of privacy, and voyeuristic recording.

In June 2021, a federal grand jury returned a five-count superseding indictment (the "Indictment") against Bragg for his conduct and the videos related to his daughter and neighbor's child.[2] Per a plea agreement, Bragg entered a guilty plea in April 2022 to Count

---

[2] Bragg was charged with three counts of production of images containing the sexual abuse of a child, in violation of 18 U.S.C. § 2251(a) (Counts One, Two, and Five); distribution of images containing the sexual exploitation of a child, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1) (Count Three); and possession of images containing the sexual exploitation of a child, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Four).

One of the Indictment, for production of CSAM involving his daughter. Bragg agreed that the conduct charged in Counts Two through Five was relevant conduct to Count One for Guidelines purposes, and the Government in turn dismissed those counts.

The draft pre-sentence report (the "PSR") stated that the Franklin County charges "shall be imposed to run concurrently" pursuant to U.S.S.G. § 5G1.3(c) because they were relevant conduct to Count One under U.S.S.G. § 1B1.3(a). PSR ¶ 96. Section 5G1.3(c) provides that "[i]f … a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under [U.S.S.G. § 1B1.3(a)], the sentence for the instant offense *shall* be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c) (emphasis added). In turn, § 1B1.3(a) defines "relevant conduct."[3]

In contrast to the Franklin County charges, the draft PSR noted that the Cumberland County charges "appear[] to be covered by the Background Commentary at U.S.S.G. § 5G1.3." *Id*. ¶ 97. That commentary reflects that sentencing courts have discretion, but are not mandated, to impose a concurrent sentence "with respect to other state proceedings[.]" U.S. SENT'G GUIDELINES MANUAL § 5G1.3 (U.S. Sent'g Comm'n

---

[3] U.S.S.G. § 1B1.3(a) provides, in part, that "relevant conduct" constitutes: (1)(A) all acts … committed … by the defendant; and …that occurred during the commission of the offense of conviction [; or] (2) solely with respect to offenses of a character for which §3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) [] that were part of the same course of conduct or common scheme or plan as the offense of conviction[.]

2025).

Bragg's trial attorney, Jonathan White ("Attorney White"), filed written objections to the draft PSR and a sentencing memorandum. He did not assert in either that § 5G1.3(c) also applied to the Cumberland County offenses. The final PSR maintained the position that § 5G1.3(c) only applied to the Franklin County case. At sentencing, Attorney White urged the District Court to impose the statutory minimum sentence of 15 years on Count One, and for the sentence to run concurrently to Bragg's anticipated state sentences in both Cumberland and Franklin counties, Attorney White did not cite § 5G1.3(c) nor base his argument for a concurrent sentence on that provision, nor any Guidelines provision for that matter. Bragg then addressed the District Court and twice asked it to order the federal sentence to run concurrently to the anticipated Cumberland County sentence. Pursuant to U.S.S.G. § 1B1.2(c) and Bragg's stipulation, Bragg's total offense level was calculated as if he were convicted of all counts in the Indictment. It was not calculated as if any count in the Cumberland County matter constituted relevant conduct.[4] The District Court sentenced Bragg to a Guidelines-range term of 360 months' imprisonment, to run concurrently to Bragg's anticipated sentence in Franklin County, but consecutively to his anticipated sentence in Cumberland County.

In November 2023, Bragg filed an amended pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence asserting, among other things, that Attorney White

[4] As calculated, Bragg's guideline range was at the maximum total offense level, and inclusion of the Cumberland County in that calculation would have had no practical effect.

4

rendered ineffective assistance by failing to argue that § 5G1.3(c) applied to any anticipated sentence in Cumberland County. As factual support that the Cumberland County offenses were relevant conduct, Bragg pointed to the Government's references to Bragg's Cumberland County conduct at his change-of-plea and sentencing hearings. Those descriptions lacked detail and only generally described his conduct. On appeal, Bragg also invoked two sentences from the PSR describing his conduct. The District Court denied the motion and also denied Bragg an evidentiary hearing under § 2255(b). Bragg timely filed a Notice of Appeal in February 2025. In July 2025, we granted a certificate of appealability on the ineffective assistance claim. We then appointed counsel.[5]

## II. DISCUSSION[6]

### A. Bragg Has Not Met His Burden on His *Strickland* Claim

To successfully obtain relief per § 2255 based on an assertion that trial counsel was ineffective, the burden is on the movant to show by a preponderance of the evidence (1) that counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the petitioner. *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014) (citing

---

[5]   We thank Andrew Odell and Aleksander Mehta, the University of Virginia School, and supervisors Catherine Stetson and J. Scott Ballenger, for their roles in providing pro bono counsel to Bragg. We commend Mr. Odell and Mehta for their able and professional briefing and argument.

[6]   The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 2253(a), 2255(d), and 1291. We review a denial of a § 2255 motion de novo with respect to a district court's legal conclusions and for clear error as to its factual findings. *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014). We review a denial of an evidentiary hearing under § 2255(b) for abuse of discretion. *United States v. Tolliver*, 800 F.3d 138, 140 (2015)

*Strickland*, 466 U.S. at 687); *United States v. Grier*, 475 F.3d 556, 561 (3d Cir. 2007)

Bragg argues that Attorney White's performance was deficient because he failed to raise the "strong argument" that the Cumberland County charges were relevant conduct under U.S.S.G. § 5G1.3(c). Bragg contends that (1) a state sentence in connection with the Cumberland County charges was "anticipated" under § 5G1.3(c) because those charges were pending at the time of his federal sentencing; and (2) the Cumberland County charges were "relevant conduct" within the meaning of § 1B1.3(a). Therefore, Bragg argues, Attorney White rendered deficient performance in failing to argue for the application of § 5G1.3(c).

Assuming *arguendo* that Attorney White's performance was deficient, Bragg cannot establish prejudice under the second *Strickland* prong. Bragg contends he was prejudiced because he received a fifteen-year sentence on his Cumberland County case and his federal sentence was ordered to run consecutively to that sentence. Bragg does not, however, state which of the hundreds of the Cumberland County offenses carried that sentence, nor does he describe how any particular offense constituted relevant conduct. Even if Attorney White had argued for the application of § 5G1.3(c), there is no "reasonable probability" that the District Court would have agreed that it applied given this minimal detail. *Strickland*, 466 U.S. at 694; *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016).

Supposing nonetheless that there is a reasonable probability that the District Court would have found § 5G1.3(c) applied to the Cumberland County offenses, Bragg still fails at this prong. Bragg argues that because the District Court applied the prescriptive text of § 5G1.3(c) to the Franklin County offenses, and imposed a concurrent sentence, it would

6

also have done so with the Cumberland County offenses.  We are not persuaded.  When § 5G1.3(c) applies, a district court maintains the discretion to order that a federal sentence run consecutively, despite § 5G1.3(c)'s use of the word "shall."  *See United States v. Booker*, 543 U.S. 220, 245 (2004).  The record reflects that both Attorney White and Bragg asked the District Court at sentencing to impose a sentence that would run concurrently with Bragg's anticipated sentence in Cumberland County.  Based on the severity of Bragg's conduct, the District Court rejected those requests.  In doing so, it had the same information regarding the Cumberland County charges as presented in the § 2255 motion.  As the District Court's decision was *always* discretionary, there is nothing in the § 2255 motion to support the conclusion that it would have exercised that discretion differently under § 5G1.3(c).  And because a petitioner fails to demonstrate prejudice if "[t]he record … [shows] … that the district court thought the sentence it chose was appropriate irrespective of the Guidelines [application]," *Molina-Martinez*, 578 U.S. at 200, we cannot conclude that Bragg has established a "substantial" likelihood that his sentence would have been different had Attorney White argued for the application of § 5G1.3(c).  *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

## B. The District Court Did Not Abuse Its Discretion in Denying Bragg an Evidentiary Hearing

Bragg argues that, in the alternative, the District Court abused its discretion in denying Bragg an evidentiary hearing on his § 2255 motion.  A "district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief."  *United States* v. *Tolliver*, 800

F.3d 138, 140 (2015) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)). Where a "petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing." *Tolliver*, 800 F.3d at 141 (quoting *Booth*, 432 F.3d at 546)). This involves a two-prong inquiry. *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021). "First, the district court must consider as true all appellant's nonfrivolous factual claims." *Id*. (quoting *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988) (cleaned up)). "Second, it must 'determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel.'" *Id*. "If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing." *Dawson*, 857 F.2d at 928. In alleging facts to support his claim, Bragg relies on the broad descriptions made by the Government during his change-of-plea and sentencing hearings**,** and the two sentences in the PSR. These are so lacking in detail that they "clearly fail[] to demonstrate … prejudice to the defendant." *Id*. Accordingly, we discern no abuse of discretion in the District Court's denial of an evidentiary hearing.

* * * * *

   For the reasons stated above, we will AFFIRM the order of the District Court.

*Counsel for Appellant*
Andrew Odell    [Argued]
Aleksander Mehta [Argued]
Catherine E. Stetson
J. Scott Ballenger
UNIVERSITY OF VIRGINIA SCHOOL OF LAW

8

*Counsel for Appellee*
Patrick J. Bannon  [Argued]
Carlo D. Marchioli
OFFICE OF UNITED STATES ATTORNEY
MIDDLE DISTRICT OF PENNSYLVANIA